UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>STEIN AGEE, )<br>  Defendant. )<br>_____ ) | **Case No. 1:20-cr-128-MR-WCM** |
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>COREY AGEE, )<br>  Defendant. )<br>_____ | **Case No. 1:20-cr-129-MR-WCM** |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER CASES PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 21**

Defendants Stein Agee and Corey Agee (collectively referred to at times as "Defendants" or "the Agees"), with the consent of the United States, respectfully move the Court to transfer their cases to the United States District Court for the Northern District of Georgia before Chief United States District Judge Timothy C. Batten, Sr., for all further proceedings, including sentencing. In support of this Motion, Defendants set forth the following:

**I. Factual and Procedural Background**

1

On December 21, 2020, the Agees each entered a plea of guilty before Magistrate Judge Carlton Metcalf to separate Bills of Information charging each Defendant with conspiracy to defraud the United States in violation of 18 U.S.C. § 371. On January 13, 2021, the Court entered text Orders accepting Defendants' guilty pleas.

Defendants' pleas were entered in connection with a conspiracy to promote and sell fraudulent syndicated conservation easements, which were illegal tax shelters. Defendants were the first individuals to accept responsibility for their conduct and enter a plea of guilty in connection with the United States' nationwide complex investigation into syndicated conservation easements.

The conspiracy involving Defendants took place in the Western District of North Carolina, the Northern District of Georgia, and in other locations in the United States. Defendants live and work in the Northern District of Georgia, and their criminal conduct took place in the Northern District of Georgia.

Prior to entering their pleas of guilty, Defendants were already cooperating with the United States in connection with its investigation into the promotion of illegal conservation easements. Indeed, over the last several years, Defendants have provided substantial assistance to the United States in connection with *United States v. Fisher, et al.*, 1:21-CR-00231-TCB-CMS (N.D. Ga. 2021), which is

2

Case 1:20-cr-00129-MR-WCM    Document 26    Filed 01/03/24    Page 2 of 10

pending before Chief Judge Batten in the United States District Court for the Northern District of Georgia. The *Fisher* case involves seven defendants: Jack Fisher, Ekaterina Lopuhina A/K/A "Kate Joy", Clay Weibel, Walter Roberts, James Sinnott, Herbert Lewis, and Victor Smith.

The case against Defendant Fisher and his co-defendants began as an investigation in the Western District of North Carolina and, as noted, resulted in guilty pleas entered by the Agees in December 2020.

Thereafter, the United States transferred its investigation to the Northern District of Georgia, which proved to be the center of the conspiracy. The Agees both reside and work in the Northern District of Georgia, as do Defendants Sinnott, Weibel, Lewis, and Smith. Defendant Fisher had an office in the Northern District of Georgia and residences in both the Northern District of Georgia and the Western District of North Carolina.

A grand jury in the Northern District of Georgia indicted Defendants Lewis and Smith in June of 2021. *See United States v. Lewis, et al.*, 1:21-CR-00231 (N.D. Ga. June 9, 2021), Dkt. Entry No. 1. Thereafter, in February 2022, the grand jury returned a 99-page Superseding Indictment containing 135 counts against all seven defendants in the Northern District of Georgia. *See United States v. Fisher, et al.*, 1:21-CR-00231-TCB-CMS (N.D. Ga. Feb. 24, 2022), Dkt. Entry No. 28. The

3

defendants in that case were charged with tax fraud conspiracy, wire fraud conspiracy, wire fraud, aiding and abetting the filing of false tax returns, the filing of false tax returns, and money laundering. The Agees' substantial cooperation with the United States led in part to these indictments.

In advance of trial, Chief Judge Batten severed accountant-defendants Lewis and Smith from the remaining defendants, and Defendant Roberts entered a plea of guilty to tax fraud conspiracy under 18 U.S.C. § 371. *Id.*, Dkt. Entry No. 487. Defendant Kate Joy remains a fugitive and is believed to be in Russia.

On July 12, 2023, the trial of Fisher, Sinnott, and Weibel began before Chief Judge Batten. Stein Agee was an extremely important witness to the United States' case. Stein Agee testified for a full week during the trial. During and before the trial, the United States met with Stein Agee and his counsel on numerous occasions, including over the course of at least three weekends during the trial. Stein Agee's cooperation included reviewing and preparing complicated spreadsheets, trial exhibits, and voluminous documents supporting such exhibits.

Corey Agee was on the Government's witness list and he was reserved as a rebuttal witness. However, the United States did not deem it necessary to call Corey Agee as a witness during its rebuttal case.

The Fisher trial lasted for more than two months. On September 22, 2023, the jury returned a verdict of guilty on all counts as to Defendants Fisher and Sinnott. The jury returned a verdict of not guilty as to appraiser Defendant Weibel. Stein Agee's testimony was central to the convictions of both Fisher and Sinnott.

Defendants Fisher and Sinnott are scheduled to be sentenced on January 9, 2024. Defendant Roberts was sentenced by Chief Judge Batten in November 2023. *See United States. v. Fisher, et al.*, No. 1:21-CR-00231-TCB-CMS (Feb. 24, 2022), Dkt. Entry No. 776 (Roberts Judgment and Commitment).

Based upon information and belief, Defendant Smith has indicated to the United States that he intends to enter a plea of guilty, while Defendant Lewis intends to go to trial.

The trial of Defendant Lewis was recently continued by Chief Judge Batten from a January 2024 setting. *Id.*, Dkt. Entry No. 772. Upon information and belief, Defendant Lewis has requested a new trial date of January 2025, and the United States will be requesting a trial date on or before May 31, 2024. A scheduling conference has been set before Chief Judge Batten on January 9, 2024. *Id.*

Counsel for the Agees have been informed by counsel for the United States that the United States intends to call both Stein Agee and Corey Agee as witnesses at Defendant Lewis's trial. The United States will likely need to meet with the Agees on a number of occasions prior to and during the trial. Upon information and belief, the United States will also need for the Agees to be available to assist in reviewing and preparing spreadsheets, summary exhibits, and documents that support the summary exhibits.

Defendants and the United States are requesting that Defendants' sentencing hearings be delayed until after the Lewis trial and their cooperation is complete. Based upon information from counsel for the United States, Chief Judge Batten has indicated that he would be receptive to a transfer of the Agees' cases to the Northern District of Georgia, and that it would be his preference to sentence the Agees.

Defendants, with the United States' consent, believe a transfer at this time to the Northern District of Georgia is in the interest of justice given the fact that Chief Judge Batten has presided over a two-month trial involving the conduct at issue; Stein Agee has testified in front of Chief Judge Batten for a week; and both Stein Agee and Corey Agee are expected to testify before Chief Judge Batten in the Lewis

6

trial. Moreover, the center of the conspiracy is the Northern District of Georgia, and both Defendants live and work in the Northern District of Georgia.

## II. <u>Legal Argument</u>

Federal Rule of Criminal Procedure 21(b) provides for a transfer to another district "For Convenience." This provision states:

> Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice.

Fed. R. Crim. P. 21(b). Rule 21(d) provides that a motion to transfer may be filed "at or before arraignment *or at any other time the court or these rules prescribe.*" Fed. R. Crim. P. 21(d) (emphasis added). Subsection (c) of Rule 21 sets forth the procedure upon transfer:

> When the Court orders a transfer, the clerk must send to the transferee district the file, or a certified copy, and any bail taken. The prosecution will then continue in the transferee district.

Fed. R. Crim. P. 21(c).

The Advisory Committee Notes to Rule 21 provide that Rule 21 permits a change of venue in cases involving an offense alleged to have been committed in more than one district or division. *See* Fed. R. Crim. P. 21, Advisory Committee Notes. "In such cases the court, on defendant's motion, will be authorized to transfer

7

the case to another district or division in which the commission of the offense is charged, if the court is satisfied that it is in the interest of justice to do so". *Id.*

"The question of transfer under Rule 21(b) is within the court's discretion." *United States v. Espinoza*, 641 F.2d 153, 162 n.11 (4th Cir.), *cert. denied*, 454 U.S. 841 (1981) ; *United States v. Smallwood*, 293 F. Supp. 2d 631, 640 (E.D. Va. 2003) ("Controlling authority makes clear that it is within the discretion of the trial court to determine whether a Rule 21(b) transfer is appropriate").

In the present case, Defendants respectfully request a transfer of their cases to the Northern District of Georgia before Chief Judge Batten for all further proceedings, including sentencing. As noted, Chief Judge Batten is extremely familiar with the facts of this case, as he presided over the trial of multiple related defendants which lasted for more than two months. During this trial, Stein Agee testified for a week as a Government witness. Thus, Chief Judge Batten is well suited to evaluate Stein Agee's testimony and the extent of his cooperation at sentencing.

Further, the United States plans to call the Agees as witnesses at the trial of Defendant Lewis. Chief Judge Batten will preside over the Lewis trial. This will be another opportunity for Chief Judge Batten to evaluate Defendants' testimony and the conduct to which they have pled guilty.

8

In addition, both Defendants reside and work in the Northern District of Georgia, and the Defendants' unlawful conduct took place in the Northern District of Georgia. Defendants have no connection to the Western District of North Carolina other than the fact that the conspiracy involved some conduct and property in this District. As noted, the investigation was transferred to the Northern District of Georgia shortly after Defendants entered their pleas because the Northern District of Georgia is the center of the conspiracy. Indeed, had Defendants not accepted responsibility for their conduct and entered pleas early in this case, the Agees likely would have been indicted with the other defendants in the Northern District of Georgia.

The United States consents to, and agrees with, the transfer of Defendants' cases to the Northern District of Georgia.

### III. Conclusion

Based on the foregoing, it is respectfully submitted that a transfer of these cases to the Northern District of Georgia is in the interest of justice. Chief Judge Batten will be sentencing the other defendants who were involved in the conspiracy with Defendants, including Defendants Roberts (already sentenced), Fisher, Sinnott, Smith (following the entry of his plea), and Lewis (if convicted). Thus, Defendants

respectfully request that their cases be transferred to Chief Judge Batten pursuant to Fed. R. Crim. P. 21(b).

This the 3rd day of January, 2024.

Respectfully submitted,

s/Douglas Kingsbery
Douglas E. Kingsbery
NC Bar No. 9307
**Tharrington Smith, LLP**
150 Fayetteville Street, Suite 1800
PO Box 1151
Raleigh, NC 27602
(919) 821-4711 (phone)
(919) 829-1583 (facsimile)
dek@tharringtonsmith.com

*Counsel for Defendant Corey Agee*


s/Robert A. Blake, Jr.
Robert A. Blake, Jr.
NC Bar No. 20858
James F. Wyatt, III
NC Bar No. 13766
**Wyatt & Blake, LLP**
402 W. Trade Street, Suite 101
Charlotte, NC 28202
(704) 331-0767 (phone)
(704) 331-0773 (facsimile)
jwyatt@wyattlaw.net
rblake@wyattlaw.net

*Counsel for Defendant Stein Agee*

10